IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

21ST MORTGAGE CORPORATION                                              APPELLANT

V.                                                   CIVIL ACTION NO. 1:16-CV-162-SA

KAYLA GLENN                                                             APPELLEE

MEMORANDUM OPINION

21st Mortgage Corporation is a creditor in Kayla Glenn's bankruptcy proceeding. 21st Mortgage now requests that this Court review the Bankruptcy Court's valuation of Glenn's mobile home. Specifically, the Bankruptcy Court held, over 21st Mortgage's objection, that delivery and setup costs should not be included in the valuation. The Court considered the record, relevant arguments, and authorities, and for the reasons fully explained below, the Court affirms the decision of the Bankruptcy Court.

*Factual and Procedural Background*

The relevant facts of this case are undisputed. Glenn filed her Chapter 13 bankruptcy petition on February 8, 2016. 21st Mortgage holds a perfected, first-priority, purchase money security interest in Glenn's mobile home. In her Chapter 13 plan, Glenn proposes to retain the mobile home and to pay 21st Mortgage the value of the home plus five percent interest over the life of the plan. The parties stipulated that the value of the home is $21,900 not including costs for delivery and setup. The record reflects that cost for delivery and setup for this mobile home is $4,000.

21st Mortgage objected to the stipulated $21,900 valuation and requested that the Bankruptcy Court include the delivery and setup costs in the valuation of the mobile home, increasing the value of its claim. The Bankruptcy Court overruled 21st Mortgage's objection and

entered an order fixing the value of the mobile home at the previously stipulated $21,900 plus five percent interest. 21st Mortgage appealed that order to this Court, and submitted a brief of its arguments [55]. Glenn filed a Response [57], and 21st Mortgage replied [58] making this issue ripe for review.[1] The sole question now before the Court is whether, in this context, delivery and setup costs may be included in the valuation.

*Standard of Review*

This Court has jurisdiction to hear this appeal from the Bankruptcy Court under 28 U.S.C. § 158. In bankruptcy appeals, this Court reviews findings of fact for clear error and reviews conclusions of law *de novo*. *In re McClendon*, 765 F.3d 501, 504 (5th Cir. 2014); *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008). The main issue in this appeal involves the interpretation of a statute, 11 U.S.C. § 506, which is a question of law that is reviewed *de novo*. *Id*.

*Issue and Arguments*

21st Mortgage asserts that under the relevant authorities, namely 11 U.S.C. § 506 (a)(2) of the Bankruptcy Code, an individual debtor is required to include a retail valuation of personal property in its current condition "without deduction for costs of sale and marketing" in their Chapter 13 Plan. 21st Mortgage further asserts that failing to include delivery and setup costs in the valuation of a mobile home deprives the creditor of the full retail value as contemplated by the statute.

In support of its position, 21st Mortgage advances two arguments. Its first argument is that a plain reading of § 506(a)(2) specifically requires a "retail valuation" that includes the costs of sale or marketing without consideration for the proposed disposition or use of the property. The Court notes that 21st Mortgage's use of the term "retail valuation" is inconsistent with the

---

[1] Although 21st Mortgage requested oral argument in its initial brief, the Court determines that oral argument is unnecessary because the relevant facts are undisputed, the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

differentiation between "replacement value" and "the price a retail merchant would charge" contained in § 506 (a)(2). 21st Mortgage argues that the Bankruptcy Court committed clear legal error and disregarded the statute's plain meaning when it considered Glenn's proposed use –she will maintain possession of the home– and declined to include the set up and delivery costs in the valuation.

Second, 21st Mortgage argues that the Bankruptcy Court erred when it relied on the case of *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S. Ct. 1879, 138 L. Ed. 2d 148 (1997). According to 21st Mortgage, the legislative history of § 506 demonstrates that Congress overruled *Rash*, and makes clear that (1) Congress chose retail value as the measure for valuing collateral like the manufactured home at issue here; and (2) Congress specifically overruled *Rash* by providing that costs of sale or marketing should be included in the valuation.

*Plain Language of 11 U.S.C. § 506*

At the outset, the Court notes that "it is well established that 'when the statute's language is plain, the sole function of the courts –at least where the disposition required by the text is not absurd– is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000)). Title 11 U.S.C. § 506 reads, in relevant part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, [. . .], is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property [. . .]. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed

> claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

Looking only at the statutory language, the Court determines that it is appropriate to consider the "proposed disposition or use" of the property in the valuation. Contrary to 21st Mortgage's assertion, there is nothing in subsection (a)(2) that prohibits the Court from doing so and the subsections are consistent when read together. This is particularly important in the instant case because under the proposed Plan Glenn's "proposed use" is that she will maintain possession of the mobile home so there will be no delivery or set up.

Looking specifically to the text of (a)(2), the Court finds 21st Mortgage's focus on a retail value without deduction for costs and marketing inapposite for two main reasons. First, the first part of subsection (a)(2) calls for a valuation using "replacement value" and not retail value. Second, the mobile home in this case falls under the second portion of subsection (a)(2) as "property acquired for personal, family, or household purposes." Notably, the phrase "without deduction for costs of sale or marketing" is conspicuously absent from this second portion of the subsection. *See* Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 450.1, at ¶ 5, Sec. Rev. July 12, 2007 (discussing the applicability of the deduction language). Thus, under the plain language of the statue, 21st Mortgage's argument that the appropriate valuation in this case is a retail value without deduction for costs of sale or marketing and without consideration of the proposed disposition or use is misaligned with the actual text of the statute. Even looking exclusively at subsection (a)(2), there is no language in the subsection that precludes consideration of the proposed use of the collateral in the valuation.

Thus, under the plain language of the statute, a proper valuation of the mobile home in this case considers the proposed disposition, and the "price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." 11 U.S.C. § 506(a)(2).

*Associates Commercial Corporation v. Rash*

In *Rash*, the Supreme Court adopted "replacement value" as the standard for valuation at cramdown in a Chapter 13 case. Although *Rash* was not explicit about how to ascertain replacement value, the Court did emphasize that the "'proposed disposition or use' of the collateral is of paramount importance to the valuation question." *Rash*, 520 U.S. at 962, 117 S. Ct. 1879 (quoting 11 U.S.C. §506(a)). A footnote to the conclusion in *Rash* noted that replacement value would not include "certain items" that a debtor did not receive at cramdown in a Chapter 13 case, such as "warranties, inventory storage, and reconditioning." *Id* at n. 6, 117 S. Ct. 1879. Almost eight years after *Rash* was decided § 506(a)(2) was revised. The new § 506(a)(2) tracks with the replacement value standard adopted in *Rash* but adds that the value should be determined "without deduction for costs of sale or marketing." 11 U.S.C. § 506(a)(2). Clearly, this amendment to § 506 is directed to require the inclusion of sales and marketing costs in some valuations. The question in the instant case is to what extent this amendment is applicable in these particular circumstances, and whether the amendment has any impact on the Court's ability to consider the property's proposed use.

21st Mortgage argues that the addition of the phrase "without deduction for costs of sale or marketing" expressly overrules the above quoted *Rash* footnote, and further overrules the language from *Rash* that emphasizes the "proposed disposition or use" of the collateral. Under 21st Mortgages' interpretation, the Court has no discretion to consider Glenn's proposed use –

she will maintain possession– of the mobile home, and no discretion to exclude the setup and delivery costs, because these costs are precisely the type of costs contemplated by the amendments to § 506(a)(2).

21st Mortgage's proposed interpretation overstates the impact of the amendments to § 506. There is nothing in the amendments or legislative history of § 506 that precludes the Court from considering the proposed disposition or use of the collateral. To the contrary, as noted above, subsections (a)(1) and (a)(2) can be read together without conflict and subsection (a)(1) clearly states "value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506. Again, looking exclusively at subsection (a)(2), there is no language in the subsection that precludes consideration of the proposed use of the collateral in the valuation. Put simply, there is no indication in the most recent version of § 506, or in any other authority, that the amendments were intended to proscribe consideration of proposed use. Based on the available authorities, it is the conclusion of this Court that the language from *Rash*, the "'proposed disposition or use' of the collateral is of paramount importance to the valuation question," is still good law. *Rash*, 520 U.S. at 962, 117 S. Ct. 1879.

As to the exclusion of setup and delivery costs, 21st Mortgage has no authority to support its position that mobile home delivery and setup costs are the type of "costs of sale and marketing" contemplated by the amendments to § 506. Even if the delivery and setup are the type of costs contemplated by § 506, 21st Mortgage failed to address the fact that cost inclusion phrasing is notably absent from the second part of (a)(2) and that the mobile home is "property acquired for personal, family, or household purposes." Clearly, the amendments to § 506 require the inclusion of "costs of sale and marketing" in some valuations. However, 21st Mortgage's

6

contention that this amendment completely overrules *Rash* is not well taken. Further, 21st Mortgage failed to demonstrate the applicability of the amendment to this particular case.

This conclusion readily comports with other post-amendment cases that considered this issue. Virtually all of the courts that have considered whether to consider proposed use, and whether to include delivery and setup costs in a mobile home valuation have reached the same conclusion. *See In re Allen*, No. 16-11029, 2017 WL 685568, at *3 (Bankr. W.D. La. Feb. 17, 2017) (applying *Rash* and rejecting delivery and setup costs on proposed use and common sense basis); *In re Neace*, No. 16-60861, 2017 WL 75747, at *3 (Bankr. E.D. Ky. Jan. 6, 2017) (stating "Creditor is not entitled to increase the replacement value of the manufactured home . . . , the estimated costs to set-up and deliver Debtors' manufactured home to its current location, as those costs are not properly considered as a component of 'replacement value' under § 506(a)"); *In re Gensler*, No. 15-10407 TA13, 2015 WL 6443513, at *3 (Bankr. D.N.M. Oct. 23, 2015) (citing *Rash,* 520 U.S. at 963; and stating "creditors cannot add delivery and set up costs to the value of their collateral. If value were added for moving costs, the increase would be based on a hypothetical replacement "that will not take place"); *In re Prewitt*, 552 B.R. 790, 800 (Bankr. E.D. Tex. 2015) (citing *Gensler,* 2015 WL 6443513, at *4, stating "the Lender's request that the replacement value of the Debtor's manufactured home be supplemented by hypothetical delivery and setup costs must be denied").[2]

Finally, the Court notes that this conclusion also comports with equitable concerns and common sense. When a mobile home purchaser finances the full amount of the home including setup and delivery costs, the financer's risk is secured only by the value of the collateral, the

---

[2] 21st Mortgage's reliance on *In re Fortenberry*, No. 14-50768, 2014 WL 7407515, at *4 (Bankr. S.D. Miss. Dec. 30, 2014) is misplaced. In that case 21st Mortgage only requested that the removal costs—not the setup costs—be added to the valuation at the hearing.

home. The costs of setup and delivery are in excess of the collateral's value. Now, in essence, 21st Mortgage is arguing to secure a portion of their claim that was never secured by collateral.

After reviewing the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*, the Court finds that the Bankruptcy Court arrived at the proper valuation for Glenn's mobile home. The Bankruptcy Court applied the plain language of the statute and properly considered *Rash* in light of the amendments to § 506. The decision of the Bankruptcy Court is AFFIRMED, and this appeal is DISMISSED.

SO ORDERED, on this the 7th day of July, 2017

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE